CHING FUNG SIU, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 07–4879–ag.

United States Court of Appeals,
Second Circuit.

July 7, 2009.

John Chang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ching Fung Siu, a native and citizen of the People's Republic of China, seeks review of an October 15, 2007 order of the BIA denying her motion to reopen. *In re Ching Fung Siu,* No. A072 375 241 (B.I.A. Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Siu's untimely motion to reopen.

Siu argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions or her *prima facie* eligibility for relief from deportation. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to re-

open and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, the BIA reasonably declined to credit Siu's unauthenticated evidence given the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007).

█ Contrary to the government's argument, we find that Siu exhausted before the BIA her argument that she is eligible to file a successive asylum application based on her changed personal circumstances; however, any such argument is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008). Finally, we note that Siu waives any challenge to the BIA's decision insofar as it declined to *sua sponte* reopen her proceedings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).